LOUIS DUCHENE v. LEFEBVRE–DESLAURIERS ROOFING & CORNICE COMPANY.[1]

July 5, 1907.

Nos. 15,240—(178).

**Injury to Servant—Evidence.**

> In an action to recover for personal injuries, the record is examined, and it is *held* (1) that the evidence is sufficient to support the verdict of the jury, and (2) that no reversible errors are presented.

Action in the district court for Ramsey county to recover $5,000 for personal injuries. The case was tried before Orr, J., and a jury, which

[1]Reported in 112 N. W. 865.

rendered a verdict in favor of plaintiff for $1,150. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Keith, Evans, Thompson & Fairchild,* for appellant.

*H. A. Loughran,* for respondent.

BROWN, J.

Action to recover for personal injuries, in which plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The facts are as follows: Defendant is a corporation engaged in the business of cornice making, roofing, and general work in sheet metal. Plaintiff, a cornice maker, was in its employ, and was engaged for it in putting upon the Orpheum Theater building, in St. Paul, about forty feet above the ground, a large galvanized iron sign on which the word "Orpheum" appeared.in raised letters. The sign was made in four panels or sections, each about eight feet long and weighing fifty pounds, which were nailed to the timbers in the brick wall of the building and soldered together on the sides. To enable plaintiff and a fellow workman to place the sign in position, defendant borrowed from another person and furnished them for use a swinging scaffold six feet long. This was obtained on the 10th of July, 1906, and was on that day hung upon the wall of the theater building by some of defendant's employees. Plaintiff and his helper were ordered to make use of this scaffold and did so in performing this work. They partially completed it on the 12th of July, and were engaged in finishing the same on the 13th, when one of the rope attachments broke, causing the scaffold to tip, precipitating plaintiff and his helper to the ground below, a distance of forty feet, severely injuring them. The rope attachments were of manila material and seven-eighths inch in size, and were fastened at the ends of the cross-pieces upon which the ladder forming part of the scaffold rested.

The negligence relied upon by plaintiff for recovery is the alleged failure of defendant to provide plaintiff with safe instrumentalities with which to do his work; that the rope by which the scaffolding was suspended in the air was defective and unfit for the purpose to which it was applied. The principal question for our consideration is wheth-

er, on the evidence presented in the record, the verdict of the jury that defendant was negligent in the respect claimed is sustained.

Defendant does not question the claim of plaintiff that it was its duty to exercise reasonable care to furnish plaintiff with safe instrumentalities with which to place the sign upon this building, but it is insisted that the scaffolding furnished was safe and in good condition for use when furnished on the occasion in question.

Evidence was offered tending to show that a short time before the scaffolding was obtained for this work all the rope attachments thereto had been examined carefully and found in every respect sound and in good condition, and, though the rope appeared upon examination after the accident defective at the point where it broke, that the defect was caused by the act of plaintiff in carelessly dropping muriatic acid, which they used in soldering the sign, upon the same, burning it nearly apart and greatly lessening its strength. There was evidence tending to show that the rope was burned by some sort of acid, but the evidence offered by defendant for the purpose of exonerating it from the charge of negligence was not conclusive. Other evidence offered on the trial tended to show that the rope, at the point where it broke, had not only been burned with acid, but was decayed and rotten, and in a condition rendering it unfit for that sort of use. It further tended to show that this condition of the rope could have been readily discovered by a careful examination or inspection. There were other items of evidence bearing upon both sides of the controversy respecting the alleged negligence of defendant, the consideration of which, in connection with the evidence just referred to, leads to the conclusion that the question was one for the jury to determine. Their verdict, having been approved by the trial court, must be sustained; the evidence not being clearly against their conclusion.

Other assignments, presenting alleged errors of law occurring on the trial in the admission and exclusion of evidence and the charge of the court to the jury, have been examined and found to disclose no reason for reversing the order appealed from. The damages are not excessive.

Order affirmed.